**E-FILED**
Friday, 09 July, 2010  09:35:54 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENDALL TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-1164 |
| | ) | |
| FULTON COUNTY, ILLINOIS, an Illinois | ) | |
| Governmental Entity, WEST CENTRAL | ) | |
| ILLINOIS TASK FORCE, an Illinois Inter- | ) | |
| Governmental Agency, JEFF STANDARD, | ) | |
| Sheriff of Fulton County, Illinois, in his | ) | |
| Official Capacity, and KARL WILLIAMS, | ) | |
| Deputy Sheriff of Fulton County, Illinois, in | ) | |
| his Individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

This matter is now before the Court on Defendant Karl Williams' ("Williams")
Supplemental Motion for Summary Judgment.  For the reasons set forth below, Williams'
Supplemental Motion for Summary Judgment [#42] is GRANTED.

### BACKGROUND

The relevant background was sufficiently set forth in the Court's June 8, 2010, Order
and need not be restated here.  Suffice it to say that Plaintiff, Kendall Tucker ("Tucker"),
was in possession of a 1998 Case 580 Super L Extend a Hoe, serial number JJG0202923.
Williams, an Inspector with the West Central Illinois Task Force, received a report that this
backhoe was stolen.  Following an investigation into the ownership of the backhoe,

Williams seized the backhoe and ultimately returned it to ICMC, the company that he determined was the rightful owner.

On July 10, 2008, Tucker brought this action under 42 U.S.C. § 1983 alleging violation of his constitutional rights and damages from the purportedly unlawful search and seizure of his property in connection with investigating the illegal sale of narcotics and possession of stolen property, as well as state law claims for conversion, defamation, respondeat superior, and § 9-102 of the Illinois Local Governmental Tort Immunity Act. The Court previously granted summary judgment in favor of Defendants on all claims except the claim against Williams for denial of Tucker's post-deprivation due process rights. Williams has now filed a Supplemental Motion for Summary Judgment based on information not provided in the first motion. The matter is fully briefed, and this Order follows.

## STANDARD OF REVIEW

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial.  Celotex, 477 U.S. at 324.  Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]."  Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989).  Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

## ANALYSIS

"Procedural due process claims require a two-step analysis.  The first step requires us to determine whether the plaintiff has been deprived of a protected interest; the second requires a determination of what process is due."  Luellen v. City of East Chicago, 350 F.3d 604, 613 (7th Cir. 2004), citing Strasburger v. Board of Education, Hardin County Comm. Unit School Dist. No. 1, 143 F.3d 351, 358 (7th Cir. 1998).  In order to establish that he was deprived of a right, privilege, or immunity guaranteed by the Constitution, Tucker must show that: (1) the claimed interest is a protected property or liberty interest; (2) the alleged loss amounted to a deprivation; and (3) that the deprivation was without due process of law.  Id.

Tucker claims that he was deprived of post-deprivation due process where Williams provided him with no notice or opportunity to be heard to demonstrate his claimed ownership interest prior to the time the property was turned over to ICMC. Williams responds that Tucker had actual notice of the investigation and the possibility that the backhoe was stolen from the two occasions when Williams interviewed him. He further maintains that he gave Tucker the opportunity to produce any documentary evidence of ownership of the backhoe, which Tucker was unable to do.

The Court previously noted that when Williams spoke to Tucker, Williams had not yet received evidence of ownership from ICMC and told Tucker that whether the backhoe was stolen was still under investigation. The record is devoid of undisputed evidence indicating that Williams ever directly informed Tucker that the backhoe was in fact stolen and was being seized, much less advised of any process or hearing through which he could seek its return. However, rather than addressing the issue of the adequacy of notice on the merits, the Court assumed the inadequacy of notice and resolved the issue on the question of post-deprivation opportunity to be heard.

On August 10, 2007, while being interviewed by Williams as part of his investigation into the ownership of the backhoe, Tucker stated, "if it's stolen go ahead and take it then." Williams states that at the time of the seizure on August 29, 2007, he informed Mike Krulac, who was using the backhoe on his property at the time, that the backhoe was stolen and was being seized. He then relies on Tucker's admission that Krulac immediately called him after the Task Force confiscated the backhoe and told him that Williams was among the officers involved. The backhoe was not turned over to ICMC until November 7, 2007, more

- 4 -

than two months later.  Accordingly, the Court finds that Tucker had actual notice of the seizure of the backhoe.

Williams next contends that prior to filing this action and during the time when he could have pursued available state law remedies, Tucker knew that the backhoe had been turned over to the company in Chicago that had been determined to be the owner. According to Williams, this additional information provided Tucker with meaningful notice in a meaningful time, as evidenced by the fact that Tucker did attempt to pursue a conversion claim in this action, and his inability to demonstrate any interference with his ability to pursue his right to a hearing or state law remedy renders his procedural due process claim without merit.  *See* Scott v. Archey, 99 Fed.Appx. 62, 63 (7th Cir. 2004), *citing* Sutton v. City of Milwaykee, 672 F.2d 644, 646 (7th Cir. 1982) (finding that the plaintiff "was not entitled to notice or a predeprivation hearing [ ]; all that due process requires is an adequate post-deprivation procedure"); Gable v. City of Chicago, 296 F.3d 521, 539-40 (7th Cir. 2002).

Tucker admits that with the exception of this lawsuit, he never objected to the seizure, demanded the return of the backhoe, contacted either the Task Force or the State's Attorney's Office in an attempt to secure the return of the backhoe, or made any other attempt to demonstrate his ownership of the backhoe.  He states that he made no effort to do so because he had a lack of confidence in law enforcement after the seizure; this is not equivalent to the affirmative acts taken to mislead the plaintiff in Tavarez v. O'Malley, 826 F.2d 671, 676 (7th Cir. 1987).  He did, however, consult with a criminal defense attorney and retain legal representation within a week of August 10, 2007.

- 5 -

Williams faults Tucker for failing to take action to contest or demand the return of the backhoe prior to filing this lawsuit.  In denying Williams' prior Motion for Summary Judgment, the Court observed that if there was an available process for contesting the seizure, the parties failed to clearly identify it in their briefs.  "The fundamental requirement of due process is the opportunity to be heard and it is an 'opportunity which must be granted at a meaningful time and in a meaningful manner.'"  Parratt v. Taylor, 451 U.S. 527, 540 (1981), *citing* Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965).

Williams now argues that multiple state law remedies were available to Tucker and afforded him all of the process that he was due.   He cites Zinerman v. Burch, 494 U.S. 113, 124 (1990), for the proposition that a § 1983 claim alleging a deprivation of procedural due process cannot be maintained when a state law remedy exists unless the plaintiff can show that he availed himself of that remedy or that the remedy provided was somehow inadequate.  *See also,* Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir. 1996); Gable, 296 F.3d at 540; Holstein v. City of Chicago, 29 F.3d 1145 (7th Cir. 1994); Greco v. Guss, 775 F.2d 161, 169 (7th Cir. 1985).  With this in mind, Williams asserts that under Illinois law, Tucker had state law remedies of conversion, replevin, and bailment available to challenge the taking of the backhoe, to seek return of the backhoe, or to assert a claim for damages, as well as the ability to make a demand for the return of the property pursuant to the Law Enforcement Disposition of Property Act, 765 ILCS 1030/1.

Tucker responds that the Court held in its prior Order that an action for conversion was not available to him.  However, this response ignores the context in which the Court granted summary judgment on his conversion claim.  The Court held that the factual record

- 6 -

in this case did not support the elements of a cause of action for conversion, as Tucker had not made a demand for the return of the property and had not established an absolute or unconditional right to possession of the backhoe absent some proof of ownership that was not present in the record.  Contrary to Tucker's suggestion, the Court did not hold that Tucker could never have maintained such a claim in state court, could not have established an entitlement to immediate possession on an adequate record, or that a claim for conversion was not available to him at the time had he chosen to take action in that regard. Whether or not his pursuit of this action would have been successful is irrelevant, as the right to be heard is not equivalent to a guarantee of success.  Hamlin v. Vandenberg, 95 F.3d 580, 585 (7th Cir. 1996); Easter House v. Felder, 910 F.2d 1387, 1406 (7th Cir. 1990). Tucker has therefore failed to demonstrate that a state law claim for conversion was neither available nor adequate.

The same can be said for an action for replevin, in which the owner or person entitled to possession of property brings suit to challenge the right to possession of property and return of the property to the prevailing party.  S.T. Enterprises, Inc. V. Brunswick Corp., 57 Ill.2d 461, 469 (Ill. 1974).  Not only could Tucker have brought an action for replevin against Williams for the return of the backhoe at the time, he could also bring an action against ICMC to attempt to establish his right to ownership even today. Additionally, under Illinois law, a replevin action can be maintained to seek damages for the value of the property and damages resulting from a wrongful taking, which is another remedy that remains available to Tucker today.  735 ILCS 5/19-120.

Tucker's only response to the availability of replevin as a remedy is, "Like conversion, an element of the plaintiff's claim is that he be entitled to immediate possession

of the personal property" and "[t]he judgment [Williams] obtained ruled Tucker has no state tort remedy."  (Plt. Response at 5) As set forth with respect to the conversion claim, Tucker's reliance on the Court's Summary Judgment Order is misplaced.  The Court never even addressed the possibility of a claim for replevin because no such claim was asserted. Moreover, the Court did not hold that Tucker could never have maintained such a claim in state court, could not have established an entitlement to immediate possession, or that a claim for replevin was not available to him at the time had he chosen to take action in that regard.

Williams also maintains that under Illinois law, a police department that has acquired possession of a vehicle and held it prior to delivering it to the owner constitutes a constructive bailment.  *See* American Ambassador Casualty Co. v. City of Chicago, 205 Ill.App.3d 879, 882-84 (Ill.App. 1st Dist. 1990), *citing* Chesterfield Sewer & Water, Inc. v. Citizens Insurance Co., 57 Ill.App.2d 90, 93-94 (Ill.App. 1st Dist. 1965).  Tucker again relies on the Court's  Summary Judgment Order as establishing that he had no right of possession to the backhoe, ignoring the context and procedural posture of the ruling as discussed with respect to the conversion and replevin claims, as well as the fact that a bailment theory was not asserted in the Complaint.

Relying on pre-deprivation due process cases, Tucker then attempts to reformulate his theory of the case by suggesting that the constitutional deprivation was not the seizure of the backhoe, but rather the release of the backhoe to ICMC.[1]  Under this new theory, he would have the Court consider his claim as a denial of only pre-deprivation due process

---

[1] The Court previously granted summary judgment in favor of Defendants on Tucker's pre-deprivation procedural due process claim as originally asserted.

based on the argument that there was time to hold a hearing between the seizure in August 2007 and the return of the backhoe to ICMC in November 2007. However, he cites no authority in support of this novel proposition, and the Court is unaware of any case law authorizing the construction requested. Accordingly, this argument must be rejected.

Where state law remedies exist, a plaintiff must either avail himself of the remedies provided by state law or prove that the available remedies are inadequate. Hudson v. Palmer, 468 U.S. 517, 539 (1984); Hamlin, 95 F.3d at 585, *citing* Easter House, 901 F.2d at 1406. The Seventh Circuit has found state court remedies to be adequate unless they are "meaningless or nonexistent." Hamlin, 95 F.3d at 585. Despite Tucker's efforts to make such a showing through a misconstruction of the Court's Summary Judgment Order, he has failed to demonstrate either the meaninglessness or nonexistence of these state court remedies. His ultimate failure to prove the elements of his claim is simply not equivalent to the unavailability or meaninglessness of the claim. Thus, where, as here, available state law remedies could have provided and can still provide adequate relief for the alleged due process violation from the seizure of the backhoe, Tucker has no cognizable § 1983 action for denial of post-deprivation procedural due process. Parratt, 451 U.S. at 534-44; Lunsford v. Bennett, 17 F.3d 1574, 1583 (7th Cir. 1994).

Williams also asserts an entitlement to qualified immunity. In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the United States Supreme Court enunciated the "modern standard to be applied in qualified immunity cases." Auriemma v. Rice, 895 F.2d 338, 341 (7th Cir. 1990). The Court stated:

> Governmental officials performing discretionary functions generally
> are shielded from liability for civil damages insofar as their conduct

> does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.   The test for qualified immunity is "whether the law was clear in relation to the specific facts confronting the public official when [he or she] acted."  Green v. Carlson, 826 F.2d 647, 649 (7th Cir. 1987).  In deciding whether a defendant will enjoy qualified immunity, courts must determine:   "(1) whether the plaintiff has asserted a violation of a federal right, and (2) whether the constitutional standards implicated were clearly established at the time in question."  Eversole v. Steele, 59 F.3d 710, 717 (7th Cir. 1995), *citing* Kernats v. O'Sullivan, 35 F.3d 1171, 1176 (7th Cir. 1994); Cavalieri v. Shepard, 321 F.3d 616, 620 (7th Cir. 2003).  The first issue is a threshold one.  Scott v. Harris, 127 S.Ct. 1769, 1774 (2007), *citing* Saucier v. Katz, 533 U.S. 194, 201 (2001).  If the plaintiff fails to state a violation of a federal right, then the plaintiff's claim fails altogether and the court need not go on to decide whether the law was clearly established at the time of the offense.  Id.; *see also,* Marshall v. Allen, 984 F.2d 787, 793 (7th Cir. 1993); Zorzi v. County of Putnam, 30 F.3d 885, 892 (7th Cir. 1994); Eversole, 59 F.3d at 717.

In outlining the approach a court must take in addressing qualified immunity, the Seventh Circuit has advised:

> Once the defendant's actions are defined or characterized according to the specific facts of the case this characterization is compared to the body of law existing at the time of the alleged violation to determine if constitutional, statutory, or case law shows that the now specifically defined actions violated the clearly established law.

Landstrom v. Ill. Dept. of Children & Family Serv., 892 F.2d 670, 675 (7th Cir. 1990), *quoting* Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988) (en banc), *cert. denied*, 109 S.Ct. 497 (1989).   The Seventh Circuit has held that "a plaintiff may overcome a claim of

qualified immunity by presenting case law that 'has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand.'" Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 620 (7th Cir. 2002), *citing* Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir.1997). The Court of Appeals went on to find that the "simple existence of analogous case law" does not defeat the claim of qualified immunity, but rather only decisions demonstrating that, "at the time the defendants acted, it was certain that their conduct violated the law." Id., *citing* Duda v. Bd. of Educ., 133 F.3d 1054, 1062 (7th Cir.1998) (indicating that the case law must "dictate" that the defendants' conduct violated the constitution). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Id., *citing* Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002).

The Court's finding that Tucker has not established the denial of his due process rights is sufficient to end this inquiry.  However, even assuming arguendo that Tucker had established a violation of his Fourteenth Amendment right to post-deprivation procedural due process, Williams argues that it was not clearly established that his actions deprived Tucker of his right.  Specifically, he argues that it was not clearly established at the time of the seizure or the release of the backhoe to ICMC that the return of the property to the rightful owner would violate any of Tucker's constitutional rights or that the available state law remedies to challenge the deprivation were inadequate, meaningless, or nonexistent.

Tucker's response again relies on employment cases holding that the existence of state law tort remedies does not satisfy procedural due process in situations where notice and a pre-deprivation hearing was practicable.  However, the Court has previously held that

a pre-deprivation hearing was not practicable or necessary under the circumstances and has now rejected Tucker's attempt to reformulate his theory of the case to argue that the deprivation did not occur until a subsequent time.  Accordingly, the Court has not been presented with, and is otherwise unaware of, any case that sufficiently articulated the right at issue and applied it to a factual circumstance similar to the one at hand.  It is therefore not reasonable to conclude that any unlawfulness of Williams' conduct was apparent, and he is entitled to qualified immunity, as well.

## CONCLUSION

For the reasons set forth herein, Defendant Williams' Supplemental Motion for Summary Judgment [#42] is GRANTED.  This matter is now TERMINATED, and all existing hearings are vacated.

ENTERED this 9th day of July, 2010.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge